STATE OF MAINE                                    SUPERIOR COURT
                                                   CIVIL ACTION
YORK, ss.                                DOCKET NO.   AP-11-012

                                         PAF - YOR - 1 /19/2011


ROBERT and DONNA DUFFY,
DOUG and JEANNETTE SEIVWRIGHT,
RAY and JOYCE PROVENCHER and
TOM and CAROL PLANCHE,

                    Plaintiffs


        v.                               **ORDER AND DECISION**


TOWN OF BERWICK

        and

BERWICK IRON & METAL
RECYCLING, INC.,

                    Defendants


        The plaintiffs are property owners in the Town of Berwick (Town) whose homes

either abut or are near to the facility of Berwick Iron & Metal Recycling, Inc. (Berwick).

They have appealed from a written decision of the Berwick Planning Board of March 17,

2011 (R. 107-116), which granted the requested conditional use permit to operate a

metal shredder.   The plaintiffs, Berwick and the Town have submitted comprehensive

memoranda of law.   The case has been fully briefed and argued.

        The plaintiffs raised both procedural and substantive objections.   The

procedural challenges are of greater concern and suggest a lack of respect for and fair

treatment of the plaintiffs by the Board.   Board members are volunteers who have

assumed an often demanding and frequently thankless job.   However, proceedings

must be conducted consistent with due process such that an objective participant, win

or lose, would conclude that he or she had been heard, that the result was not pre-ordained and that the process was fair.

The first issue is whether the plaintiffs are entitled to due process at all. Berwick argues that due process rights are only for the property owner-applicant. Berwick is correct in that the majority of Law Court land use cases focus on the due process rights of the property owner who has applied for a permit. The Law Court in *Glasser v. Town of Northport*, 589 A.2d 1280, 83-4 (Me. 1991), in an opinion written by Chief Justice McKusick, determined that an abutter's due process rights had been "adequately protected throughout the permit approval process." The Law Court could, but did not, dismiss the claim finding no entitlement to due process. Rather it reached the merits of the argument and denied it.

More recently, the Law Court reviewed a claim of due process violations by a group of citizens and neighbors called the Land Association of Washington (LAW) in a case involving a rock crusher and the Washington Planning Board. Rather than finding that the neighbors had no entitlement to due process the Law Court stated, "We conclude that LAW failed to prove that the Planning Board violated its due process rights." *Lane Construction Corporation v. Town of Washington*, 2008 ME 45, ¶28, 942 A.2d 1202, 10. At ¶29 the Law Court noted, "A party before an administrative board is entitled to a fair and unbiased hearing under the Due Process Clauses of the United States and Maine Constitutions." The word that was chosen was "party" not "applicant" or "land owner." The plaintiffs, as parties who have established standing to participate, are entitled to due process. With standing comes an entitlement to due process. The next question is whether they received a "fair and unbiased hearing." More than "expressions of impatience, dissatisfaction, annoyance and even anger," see *Lane* at ¶30, quoting *Liteky v. United States*, 510 U.S. 540, 555-6 (1994), must be shown.

2

Much of the plaintiffs' initial brief outlines what they believe to be an unfair and biased proceeding. They are in part correct.

Berwick already had an existing business on the property and decided to add a shredding machine, which would be powered by an older 3600 horsepower diesel engine. Berwick bought the equipment and did much of the work to install, but not operate, the new machinery before it sought a building permit or conditional use permit. A substantial sum, R. 85, had already been invested before the conditional use permit was sought.

A conditional use permit application dated September 9, 2010 was filed with the Board (R. 75-102). The Board issued a notice of site walk R. 321, for Saturday, September 25, 2010, which neither explicitly invited nor excluded the public including the plaintiffs. On September 17, 2010 an attorney with the Maine Municipal Association advised the Town Planner by e-mail, R. 369, that "in my opinion, any site visit that is conducted by a majority of the board constitutes a public meeting that must be advertised to the public and the public must be allowed to attend in order to comply with the Maine Right to Know Law." This e-mail apparently was designed to encourage a recalcitrant board to allow the public to be present. No member of the public attended the September 25, 2010 site walk. A second walk was scheduled for January 8, 2011. Here the Board initially excluded the plaintiffs and their counsel. At the suggestion of the applicant the plaintiffs' attorney was invited to attend. He declined the invitation but did not explicitly protest the procedure at that time. Later in a private session the Board mocked plaintiffs' counsel for having been out maneuvered.

The record, R. 419, though not the public minutes, indicate that on a site visit two of the "members were astray with one of the owners." There had been a private site

3

walk in the summer of 2010 by a person who became a non-voting alternate member of the Board. Lastly, two members took a private site walk in early October, 2010. These site walks, without the plaintiffs being present, are improper. *See City of Biddeford v. Adams*, 1999 ME 49, ¶¶7-12, 727 A.2d 346, 8-9. The plaintiffs would not know what evidence was gathered and whether *ex parte* communications took place.

The plaintiffs also correctly claim that their due process rights were violated when the Board appeared to conclude the public hearing but, without going into executive session, privately continued those discussions. *See* R. 522-31, R. 571-86 and a third unrecorded session of February 17, 2011. Adding to the plaintiffs' concerns are extensive initially undisclosed e-mails between or among the Board members, most of which are benign. Two of the members have refused to disclose their e-mails. The plaintiffs could have but did not further pursue access to those e-mails.

The plaintiffs have additionally alleged that due process violations took place based on the timing of and tone of the proceedings. They claim that they were not given enough time to review proposed revisions to Berwick's application and that the tone of the remarks of the Board Chair and other members indicates a bias against the plaintiffs and their attorney. The timing of the submissions and the scheduling of hearings on those submissions were largely within the discretion of the Board. I find no due process violations on that issue. The tone and nature of comments directed toward the plaintiffs and their attorney, while perhaps not enough in themselves to constitute a due process violation, indicate a disdain toward people the Board viewed as obstructionist.

Once the combined problems with site visits, private board sessions and the comments of the Board members are all considered, I am convinced that the plaintiffs did not receive the fair and unbiased hearing that they were entitled to. The actions of

4

the Board also created the appearance of impropriety and undermined public confidence in their decision.   The approval for a conditional use permit is reversed.

The plaintiffs have also raised several substantive issues, which may arise following a new hearing.

The first involves performance standard 7.1 governing air emissions.   That standard, R. 30, states as follows:

> "Emission of dust, dirt, fly ash, fumes, vapors or gases which could be injurious to humans, animals or vegetation, detrimental to the enjoyment of adjoining or nearby properties or which could soil or stain persons or property, at any point beyond the lot line of the commercial or industrial establishment creating that emission, shall not be permitted.   Any air emissions must meet all applicable state and federal statutes."

The Board in its conclusion, at R. 110, conclusion 2(i)(ix), copied the language of standard 7.1 and determined that it had been met.   Berwick sought and received an air emission license from the Department of Environmental Protection (R. 331-340) pursuant to 38 M.R.S.A. §590.   It appears that the local requirements are stricter than the State requirements.   On remand, should any permits be granted by the Berwick Planning Board, the Board shall make findings as to whether or not Berwick has met separate local Performance Standard 7.1 and, if so, how the Board reached that conclusion.

The second issue concerns standards 7.10 and 7.18 (R. 45-6 and 49) governing sanitary provisions and water quality.   Here Berwick is correct in its efforts to reconcile the provisions and any apparent ambiguity.   The Board had substantial evidence to make its findings.

The third issue involves frontage and the requirement, at 6.3 of the Berwick Land Use Ordinance, (R. 35), that "If more than one principal building is constructed on a single parcel of land all dimensional requirements shall be met separately for each

5

principal building." This does not mean that the amount of required frontage increases if there was more than one principal building. It means that, if there were more than one principal building, such requirements as set back or maximum height limitations would have to be met separately for each principal building. Was that principal building too high? Was that principal building set back enough from a front, side or rear line? Here the Board was correct both factually and legally.

The final issue is whether the Board actually granted a site plan permit in addition to the conditional use permit. Should the conditional use permit be granted on remand this issue can be dealt with by the Board at that time.

The entry is:

The written decision of March 17, 2011 of the Berwick Planning Board granting a Conditional Use Permit for the operation of a metal shredder is reversed. Remanded to the Berwick Planning Board for a new hearing.

Dated:　　　August 12, 2011

_____

Paul A. Fritzsche<br>
Justice, Superior Court

Plaintiffs' Counsel:
Timothy S. Murphy, Esq.
Prescott Jamieson Nelson & Murphy, LLC
37 Beach Street
Saco, ME 04072

Defendant, Town of Berwick's Counsel:
Alan Shepard, Esq.
Shepard & Read
93 Main Street
Kennebunk, ME 04043

Defendant, Berwick Iron & Metal Recycling, Inc's Counsel
Matthew D. Manahan, Esq.
Catherine R. Connors, Esq.
Pierce Atwood, LLP
One Monument Square
Portland, ME 04101

6